# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2430

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Gumaro Cuevas-Avalas, also known as | * | [UNPUBLISHED] |
| Raul Mariscal, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 1999

Filed: December 23, 1999

_____

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and BATTEY,* District
   Judge.

_____

PER CURIAM.

Acting on a tip from a California Drug Enforcement agent, police officers
stopped Gumaro Cuevas-Avalas and Rosa Tellez-Ramirez at the Omaha, Nebraska
airport. Cuevas-Avalas and Tellez-Ramirez were traveling together and sharing one
piece of luggage. The officers identified themselves, told Cuevas-Avalas and Tellez-

_____

*The Honorable Richard H. Battey, United States District Judge for the District
of South Dakota, sitting by designation.

Ramirez they were not under arrest, and asked for identification. When the officers asked if they were carrying any drugs, Tellez-Ramirez responded that they were not and asked if the officers wanted to search the luggage. Because neither Cuevas-Avalas nor Tellez-Ramirez could produce a key, the officers broke the lock and searched the luggage. The officers found bundles of narcotics and arrested Cuevas-Avalas and Tellez-Ramirez. The district court denied Cuevas-Avalas's motion to suppress the narcotics.

On appeal, Cuevas-Avalas contends the district court erroneously denied his motion to suppress because the Government did not show Tellez-Ramirez consented to the luggage search. The Government must establish under the totality of the circumstances either that Tellez-Ramirez consented to the search or that the officers reasonably believed Tellez-Ramirez consented. See United States v. Sanchez, 156 F.3d 875, 878 (8th Cir. 1998). The record in this case shows that when one of the officers asked Tellez-Ramirez if "she had any drugs on her person or in her suitcase," Tellez-Ramirez said no and asked if the officer wanted to search her bag. In response, the officer asked, "[D]o you mind if I search your bag?" Tellez-Ramirez answered only "yes." Cuevas-Avalas argues that Tellez-Ramirez's answer should be interpreted literally to mean she did not consent and thus the search was illegal. We disagree. Tellez-Ramirez offered to let the officers search the luggage before they asked to search, and neither Tellez-Ramirez nor Cuevas-Avalas objected when the locks were cut and the luggage was opened. Under these circumstances, the officers were justified in believing Tellez-Ramirez's answer meant she consented to the search. Having carefully reviewed the record, we conclude the district court's finding that the search was consensual was not clearly erroneous. See id. We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.